**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sandra C. DeSoto,<br><br>    Plaintiff,<br><br>vs.<br><br>Pite Duncan, LLP; Shalom Rubanowitz; T.D. Service Company; Quick Loan Funding, Inc.; Countrywide Mortgage, Inc.; Greenpoint Mortgage Funding, Inc.; U.S. Bank National Association; Wachovia Bank, Inc.; and Bank of America FC,<br><br>    Defendants. | No. CV-11-00306-TUC-FRZ<br><br>**ORDER** |

Sandra DeSoto owned real property in Tucson, Arizona. The property was foreclosed upon and sold at a trustee's sale. She filed a pro se complaint against Defendants that purports to assert a host of state law claims arising out of the foreclosure and sale of the property. Doc. 1.

Plaintiff has filed a motion for leave to proceed in forma pauperis. Doc. 2. For reasons stated below, the Court will dismiss the complaint with leave to amend and deny the motion without prejudice. Plaintiff shall have until **May 25, 2012** to file an amended complaint.

Federal courts are courts of limited jurisdiction, possessing "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction,

1   and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.*
2   (citations omitted). Given the limited nature of federal jurisdiction, courts "have an
3   independent obligation to determine whether subject-matter jurisdiction exists, even when
4   no party challenges it." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1193 (2010). A federal
5   court, therefore, "may dismiss *sua sponte* if jurisdiction is lacking." *Fiedler v. Clark*, 714
6   F.2d 77, 78-79 (9th Cir. 1983); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any
7   time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

8   Pursuant to federal statutes, this Court has subject-matter jurisdiction over a case
9   where there is federal question jurisdiction, 28 U.S.C. § 1331, or where diversity jurisdiction
10  exists, 28 U.S.C. § 1332. Federal question jurisdiction is lacking because the complaint
11  asserts no federal claim. Nor does it affirmatively show complete diversity of citizenship
12  among the parties. In determining the existence of diversity jurisdiction, a corporation is a
13  citizen of both the state where it is incorporated and the state where it has its principal place
14  of business. 28 U.S.C. § 1332(c)(1); *see Hertz*, 130 S. Ct. at 1186. An unincorporated
15  association, such as a partnership, "has the citizenships of all of its members." *Johnson v.*
16  *Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). The complaint does not
17  sufficiently identify the citizenship of each Defendant. The Court will dismiss the complaint
18  for lack of subject-matter jurisdiction.

19  Under Rule 15 of the Federal Rules of Civil Procedure, the Court should freely give
20  leave to amend when justice so requires. Fed. R. Civ. P. 15(a)(2). This Circuit has made
21  clear that "[a] pro se litigant must be given leave to amend his or her complaint unless it is
22  absolutely clear that the deficiencies of the complaint could not be cured by amendment."
23  *Karim-Pahani v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (quotation marks and
24  citations omitted). Pursuant to Rule 15(a)(2), and in the interest of justice, the Court will
25  grant Plaintiff leave to file an amended complaint by **May 25, 2012**.

26  In order to survive dismissal, and satisfy the pleading requirements of Rule 8 of the
27  Federal Rules of Civil Procedure, the amended complaint must not only affirmatively
28  establish federal jurisdiction, it must also give each defendant "'fair notice of what the claim

is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This includes some factual basis for each claim and the specific legal theory supporting the claim. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Stated differently, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2); brackets in original).

Plaintiff is advised that she must become familiar with, and follow, the Federal Rules of Civil Procedure and the Rules of the United States District Court for the District of Arizona ("Local Rules"). *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986) (pro se litigants "must follow the same rules of procedure that govern other litigants"); *Carter v. Comm'r of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986) ("Although pro se, [plaintiff] is expected to abide by the rules of the court in which [she] litigates."). The Federal Rules of Civil Procedure and the Court's Local Rules are available at the Court's Internet website: www.azd.uscourts.gov (follow link titled "Rules/General Orders").

If Plaintiff fails to prosecute this action, or if she fails to comply with the rules or any Court order, the Court may dismiss the action with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992); *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

**IT IS ORDERED:**

1. The complaint (Doc. 1) is **dismissed** for lack of subject-matter jurisdiction.
2. The motion for leave to proceed in forma pauperis (Doc. 2) is **denied** as moot and without prejudice to refiling.
3. Plaintiff shall have until **May 25, 2012** to file an amended complaint consistent with this order. No extension of time will be granted absent a showing of good cause.
4. The Clerk is directed to terminate this action without further notice from the

1    Court if Plaintiff fails to comply with this order.

3    DATED this 19th day of April, 2012.

*Frank R. Zapata*
Frank R. Zapata
**Senior United States District Judge**